# SUPREME JUDICIAL COURT

##### FOR THE

## COUNTY OF ESSEX, NOVEMBER TERM 1825, AT SALEM.

PRESENT:

Hon. ISAAC PARKER, Chief Justice,
Hon. SAMUEL PUTNAM, } Justices.
Hon. SAMUEL S. WILDE, }

## THOMAS LUFKIN *versus* ABEL HASKELL.

No inhabitant of a town is a competent witness, either at common law or by *St.* 1792, *c* 32, to prove a custom for the inhabitants to dig clams in a particular spot.

By that statute an inhabitant is rendered competent, only in cases in which the town, in its corporate capacity, is a party or interested in the suit.

By a grant of a parcel of land which is covered by the sea at high water, nothing passes except what is comprehended within the terms of the deed; the colony law of 1641, declaring "that in all creeks, coves, &c., the proprietor or land adjoining shall have propriety to the low water mark," not exceeding 100 rods, being inapplicable to such a grant

TRESPASS for breaking the plaintiff's close and digging his clams there growing.

The defendant pleaded that the soil and freehold in the *locus in quo* were in the inhabitants of Gloucester. The plaintiff replied that the soil and freehold were in himself, and so it was found by the jury.

The defendant pleaded also, that for a time beyond the memory of man, the inhabitants of Gloucester have had and

382

continued to have a right to go upon the *locus in quo*, where no grass or thatch grows, and there to dig clams for their own use, and that he, being an inhabitant &c., dug the clams &c. The plaintiff in his replication denied this right, but the jury found it to be in the defendant according to his plea.

At the trial, the plaintiff produced a deed of one Ingersol, dated in 1788, granting to him a parcel of thatch bank, which is situated at the mouth of Chebacco river, upon an isthmus, having that river on one side and the back river on the other, and at high tide is covered with water ; and he contended that his grant of the thatch bank extended his title to the channel of the river on each side of the land, and so included the *locus in quo*, which is a gully of flats ground covered with water at half tide, where no thatch grass can grow. The defendant contended that such a construction was not applicable to this grant, and that the inhabitants of Gloucester, to whom the land once belonged, never intended, by a grant of the thatch bank, to grant the flats ground, which was the bed of their clams and necessary for their bait for the cod fishery. The jury however were instructed that the grant did extend to the channel on each side of the isthmus.

The evidence was very full, that all the inhabitants of Gloucester had for more than sixty years dug clams in the *locus in quo* for their own use, without any interruption from the owner of the thatch bank ; but the plaintiff contended, that a right to do so cannot be claimed by prescription. The jury however were instructed otherwise.

The plaintiff objected to almost all the witnesses for the defendant, because they were inhabitants of Gloucester ; but their testimony was admitted under *St.* 1792, *c.* 32.

The verdict was taken subject to the opinion of the whole Court.

*Saltonstall* and *Nash* for the plaintiff.   1. The inhabitants of Gloucester were not competent witnesses to prove the custom. The *St.* 1792, *c.* 32, which provides that where a town is *a party* or *interested* in the event of a suit, any inhabitant may be admitted as a competent witness, does not apply, for the town of Gloucester, as a corporation, is not a party or interested in this case, but the inhabitants are interested as individuals.   3 Dane's

Nov. 2nd.

Lufkin
*v.*
Haskell.

Abr. 415 (*c.* 90, *art.* 4, § 3). — 2. The soil and freehold oi the *locus in quo* was in the plaintiff according to the colony law of 1641. *Adams* v. *Frothingham,* 3 Mass. R. 360; *Storer* v. *Freeman,* 6 Mass. R. 435 ; *Doane* v. *Broadstreet Association,* ibid. 332. — 3. A custom to take a profit in another's soil is not good, but the party must prescribe in a *que* estate. *Gateward's case,* 6 Co. 60 ; *Grimstead* v. *Marlowe,* 4 T. R. 717 ; 1 Wms's Saund. 346, n. 2.

*Andrews* and *Cummins,* for the defendants, relied on the statute, in regard to the competency of the witnesses. If the inhabitants of Gloucester, who are the town, were interested, then they were competent within the words, as well as the spirit, of the statute. The right in dispute is a local privilege ; the witnesses had no interest except as inhabitants of a certain territory. — 2. They admitted that a custom to take corn or grass would be bad ; but a custom to take water, or to take fish, which is the present case, is good. Colony law of 1674, cited in 2 Dane's Abr. 693 ; *St.* 1795, *c.* 71, *preamb.* and § 3 ; *St.* 1798, *c.* 14 ; *St.* 1799, *c.* 19 ; *St.* 1808, *c.* 28. [See *Peck* v. *Lockwood,* 6 Hall's Law Journ. 278.] — 3. The grant of the thatch bank by the town of Gloucester, which was made in 1728, was to continue during the pleasure of the town, so that in fact the plaintiff has not a fee in the land granted ; but supposing the fee to be in him, still the law of 1641 does not apply so as to transfer the flats ground, the land described in the grant being itself below high-water mark.

*November sittings.*

The opinion of the Court was read as drawn up by

PARKER C. J. The first question is, whether the inhabitants of Gloucester were competent witnesses to prove a right in each and all of the inhabitants, to dig clams in the soil of the plaintiff, admitting it to be his soil.

By the common law they were not competent, each inhabitant being interested in the right contended for, and the verdict upon the custom in question being, as we suppose, evidence against the plaintiff in all future controversies with any inhabitant upon the same point. We do not know any other principle upon which they could be excluded, for otherwise they are interested in the question only, not in the suit,

Lufkin<br>v.<br>Haskell.

and would be good witnesses. And it seems by *Jacobsen* v. *Fountain*, 2 Johns. R. 176, — *Hockley* v. *Lamb*, Ld. Raym. 731, — and *Reed* v. *Jackson*, 1 East, 355, that a verdict against one claiming a right of common as an inhabitant, &c., is good evidence against other inhabitants on the same point. In the case of *Reed* v. *Jackson*, Lord *Kenyon* says, " The record was admissible evidence, though between other parties, as to the finding upon the right to the public footway, which was negatived. The defendants in both cases stood in the same relative situation." In the case of customary commoners, a verdict in an action for or against one is evidence for or against another claiming in the same right.

Then the question is, whether by *St.* 1792, *c.* 32, the witnesses are made competent ; and clearly they are not, for inhabitants &c. are made competent only where " the town, district, &c., is a party or interested in the event of a suit." The town of Gloucester, as such, is not interested in the event of this suit ; no corporate property or right is in question ; it is a personal privilege to individual inhabitants, and their interest is personal, and so not within the purview of that statute, which was intended to apply to inhabitants in cases where there was no personal interest.[1]

Whether the custom set up in defence, is good at common law, or not, it is unnecessary to decide ; for we think upon another ground the case is with the defendants. We see no legal proof of title in the plaintiff. He claims under a right originally from the town, of a thatch bank. It is found

---

[1] See the provisions upon this head in Revised Stat. *c.* 94, § 54. See also *Odiorne* v. *Wade*, 8 Pick. 518. The courts of Connecticut, New Hampshire, New York and New Jersey seem to have adopted a general rule, that when corporations or quasi corporations, such as counties, towns, parishes, &c., are parties or interested in the suit, the members of such bodies are competent witnesses. *Cornwell* v. *Isham*, 1 Day, 35; *Fuller* v. *Hampton*, 5 Connect. R. 416; *Eustis* v. *Parker*, 1 N. Hamp. R. 273; *Canning* v. *Pinkham*, 1 N. Hamp. R. 353 ; *Bloodgood* v. *Jamaica*, 12 Johns. R. 285; *Orange* v. *Springfield*, 1 Southard, 186. Such also is the law of Vermont, by statute of November 1816. So in an action by one State in the courts of another State, the inhabitants of the State suing are competent. *Connecticut* v. *Bradish*, 14 Mass. R 296.

that the *locus in quo*, is a gully covered by the sea when the tide is up, where no thatch can grow. We do not think this gully passed by the deed or vote, for nothing more would pass, than would satisfy the terms. The object was to enable the plaintiff to cut thatch. Nor is this a grant of upland which will carry with it flats to the channel. Thatch is not upland, but flats on which grass grows, and a grant of a piece of flats will not be extended beyond the intention expressed in the deed.

The case of *Adams* v. *Frothingham* is not like the one before us. There the grant was of shore, or land between high and low water mark, and for purposes which could not be fulfilled without the privilege of the water to the channel. The case here is different, and like a grant of an acre out of a large marsh, for salt hay. No one would take this to be a grant of upland which would carry all the remaining marsh to the water, and so to the channel.[1] It appears by ancient records, statutes, &c., that the right of soil in all the flats was in the inhabitants of Gloucester, and we see no evidence of their having parted with it.

*Judgment for the defendant.*

---

[1] See *Codman* v. *Winslow*, 10 Mass. R. (Rand s ed.) 149, n. (a).